Matter of Jahaire A. M. (2019 NY Slip Op 06698)





Matter of Jahaire A. M.


2019 NY Slip Op 06698


Decided on September 24, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 24, 2019

Acosta, P.J., Manzanet-Daniels, Mazzarelli, Webber, Moulton, JJ.


9902

[*1]In re Jahaire A. M., etc., A Child Under Eighteen Years of Age, etc.,
Tabitha A. M., Respondent-Appellant,
v
New York Foundling Hospital, Petitioner-Respondent.


Steven P. Forbes, Jamaica, for appellant.
The New York Foundling Hospital Adoption and Legal Services, Long Island City (Daniel Gartenstein of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Diane Pazar of counsel), attorney for the child.



Order, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about March 20, 2018, which, after a hearing, found violations of a suspended judgment, terminated respondent mother's parental rights to the subject child, and committed custody and guardianship of the child to petitioner agency and the Commissioner of the Administration for Children's Services for the purpose of adoption, unanimously affirmed, without costs.
A preponderance of the evidence supports the finding that the mother failed to comply with material terms of the suspended judgment requiring her to adequately address the child's medical and educational needs while he was in her custody (see Matter of Micah T. [Josette D.], 171 AD3d 546 [1st Dept 2019]). The record demonstrates that the mother caused many school absences that prevented the child from receiving, inter alia, speech therapy, physical therapy, and occupational therapy. She also allowed sores on the child's skin to persist and worsen without seeking appropriate medical care.
The finding that termination of parental rights was in the child's best interest is supported by a preponderance of the evidence. The mother failed to show insight into the child's needs and the conditions that had resulted in removal of her two older children. Furthermore, with the exception of the time spent with the mother during the term of the suspended judgment, the child has been in foster care his whole life and requires permanency (see id.; Matter of Shaqualle Khalif W. [Denise W.], 96 AD3d 698, 699 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: SEPTEMBER 24, 2019
CLERK